Torres et al., Promoventes y Apelados, *v.* Mattei et al., Opositores y Apelantes.

Apelación procedente de la Corte de Distrito de Ponce en procedimiento de necesidad y utilidad.

No. 2476.—Resuelto en abril 10, 1922.

Autorización Judicial—Bienes de Menores—Resolución no Apelable.—Una resolución autorizando a los promoventes para que formulen con arreglo a derecho una solicitud de autorización judicial por razones de utilidad y necesidad para convalidar adjudicaciones hechas anteriormente, aunque así se titule no es una sentencia, ya que no resuelve los derechos de las partes, y en tal virtud no es apelable.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. D. Sepúlveda.*

Abogado de los apelados: *Sr. C. del Toro Fernández.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

José G. Torres, en su carácter de contador-partidor de los bienes dejados a su fallecimiento por Miguel Lartigaut Puchen, y Armando Mignucci, como apoderado general de

Ana Minucci, viuda de Lartigaut, y de sus hijos Miguel, Ana
y Sofía Lartigaut Minucci, comparecieron ante la Corte de
Distrito de Ponce y expusieron, en resumen, lo que sigue:

Miguel Lartigaut Puchen falleció en Yauco en 1907, bajo
testamento. Estuvo casado con Ana Minucci y procreó en
su matrimonio siete hijos nombrados Miguel, Ana, Sofía, Mi-
caela, Juana, Julia y María. A su muerte vivían su esposa
Ana y sus hijos Miguel, Ana, Sofía y Micaela. Los tres hijos
restantes habían ya muerto, Juana dejando dos hijos llama-
dos María y Juan Pietri; Julia dejando dos hijos nombra-
dos Julia y Ana Rodríguez, y María, dejando cinco hijos lla-
mados Ana, Mariana, Juan, Isabel y Rosa Mattei.

En 1908 se practicaron las operaciones divisorias. Exis-
tían deudas, unas reconocidas por el propio testador y otras
por sus herederos, y para su pago se adjudicaron varios bie-
nes, entre ellos inmuebles, de la herencia, al heredero Miguel
Lartigaut Minucci. Entre los herederos los había menores
de edad y no se obtuvo autorización judicial para la indicada
adjudicación de los bienes inmuebles. Eso no obstante las
operaciones particionales fueron aprobadas por la Corte de
Distrito de Ponce el 30 de noviembre de 1908.

Miguel Lartigaut Minucci vendió un condominio en una
de las fincas que se le adjudicaron a Armando Mignucci Cal-
der y éste, en 1918, estableció demanda contra Ana Mattei
y otros sobre división de la finca. La parte demandada ex-
cepcionó la demanda basándose en que el demandante carecía
de acción por ser nula la adjudicación del condominio que se
le había vendido y que existiendo herederos menores de edad
no se había solicitado la autorización judicial necesaria. El
pleito fué resuelto sobre las alegaciones por sentencia, que
es firme, en favor de los demandados.

Partiendo de la base de la validez de las operaciones di-
visorias, Miguel Lartigaut Minucci no sólo vendió el condo-
minio indicado, si que también pagó las deudas, vendió otras

de las fincas que se le adjudicaron y constituyó hipoteca sobre una que conservó en su poder.   Todas esas transacciones se inscribieron en el registro y también lo fueron las realizadas por varios de los restantes herederos.

Y basándose en los hechos alegados, suplicaron a la corte que: "en bien de la justicia y adoptando un procedimiento de equidad que convalide los títulos e inscripciones de los adjudicatarios en la testamentaría mencionada y sus sucesores, se sirva disponer que se convoque a todos los interesados en aquélla a una comparecencia, al objeto de oírseles por sí o mediante apoderado o abogado, y en definitiva, dictar una orden permitiendo acreditar en forma adecuada la necesidad y utilidad de las adjudicaciones hechas en pago de deudas en la forma y manera que indicó el contador partidor testamentario en su informe y si esto se acreditare, a satisfacción de la corte, que autorice tales adjudicaciones, y, acto seguido, ratifique la sentencia de noviembre 30, 1908, en todas sus partes, ya que toda otra cuestión, independiente de la aquí planteada, fué vista y resuelta por este tribunal, constituyendo cosa juzgada."

A la anterior solicitud se opusieron Rosa e Isabel Mattei Lartigaut, menores de edad, representadas por su padre Andrés Mattei, alegando la sentencia dictada en el pleito de que se deja hecho mérito.

Se practicó prueba, se oyó el dictamen favorable del fiscal, y finalmente la corte autorizó a los promoventes "para que formulen con arreglo a derecho la solicitud de autorización judicial por razones de utilidad y necesidad, para las adjudicaciones en pago de deudas, a que se contrae este caso." La resolución dictada se tituló sentencia y de ella apelaron los promoventes para ante esta Corte Suprema.

La cuestión envuelta es interesante y digna de estudio, pero no estamos en condiciones de resolverla.   La corte de distrito nada decidió en el fondo.   Simplemente autorizó que

la petición fuera presentada. Su resolución no es una sentencia final de la cual pueda apelarse. No resuelve en definitiva los derechos de las partes. Ni siquiera prejuzga la decisión final. No sólo podría la corte declarar después de oídas las pruebas sin lugar la autorización, sino que podría desestimar por improcedente el procedimiento adoptado. No es usual la forma en que se ha actuado. Por regla general no se pide previamente a la corte que autorice el procedimiento que deba seguirse, sino que la parte que gestiona lo elige y asume el riesgo de su elección, dejando a la otra parte que levante las cuestiones que estime pertinentes o a la corte que por su propio acuerdo las ponga de relieve y las resuelva.

Una sentencia es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento. Artículo 188 del Código de Enjuiciamiento Civil.

"Una sentencia," dice R. C. L., "es la última palabra de la ley en una controversia judicial. Puede por tanto definirse como la consideración y determinación final por una corte de jurisdicción competente sobre los asuntos a ella sometidos en una acción o procedimiento. Una definición más precisa es que una sentencia es la conclusión de derecho sobre los asuntos contenidos en los autos, o la aplicación de la ley a las alegaciones y a los hechos, como han sido declarados probados por la corte o admitidos por las partes, o presumidos como existentes por la rebeldía de éstas en el curso de procedimientos judiciales. Debe notarse que es sólo una sentencia la que es pronunciada entre las partes en un pleito sobre los asuntos sometidos a la corte para decisión." 15 R. C. L., 569–570.

Considerada la resolución de que se trata como una resolución o sentencia interlocutoria, tampoco es apelable por no encontrarse comprendida dentro de las resoluciones y sentencias interlocutorias a que se refiere el No. 3 del artículo 295 del Código de Enjuiciamiento Civil. Véase también el caso de *Díaz* v. *Cividanes,* 29 D. P. R. 581.

Por virtud de lo expuesto, opinamos que debe desesti-

marse el recurso, quedando, desde luego, en libertad las partes y la corte para actuar en la forma que proceda en derecho.

*Desestimado el recurso.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.