Antonio Correa, peticionario, *v.* Hon. Angel Acosta Quintero, en su carácter de Juez de la Corte de Distrito de Ponce, demandado.

No. 683.—*Sometido:* Diciembre 23, 1929. *Resuelto:* Enero 17, 1930.

---

* Véase el prefacio.

*Felipe Colón Díaz,* abogado del peticionario; *Agustín E. Font,* por 'sí y como abogado del juez demandado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En la petición en este caso, se alega sustancialmente: Que Antonio Correa es el tutor de la incapaz Victoria Almodóvar, legalmente nombrado; que esa incapaz tuvo antes como tutora a doña Teresa Almodóvar, la que sostuvo un litigio con José Rentas, y que en ese caso se dictó por la corte de distrito de Ponce una sentencia de remoción de la tutora, y de rendición de cuentas, las que fueron rendidas a instancia del nuevo tutor Antonio Correa, quien las impugnó judicialmente, y la corte nombró un árbitro; que estando pendientes esos litigios, en uno de ellos compareció el abogado don Agustín Font, con una moción para que se le pagaran honorarios por servicios prestados a la anterior tutora en la rendición de cuentas, y en que la referida señora fué demandada como tutora de la incapacitada; que a esta petición se opuso el actual tutor; y la corte dictó resolución concediendo lo pedido por el abogado Sr. Font, y fijando el montante de los honorarios en seiscientos dólares, resolución que se copia en la petición; que la resolución es contraria a derecho, y lesiona los intereses de la incapacitada y que los honorarios han debido reclamarse en acción civil distinta, y haciendo parte a la ex-tutora Teresa Almodóvar, y se alegan algunas razones más; que en el pleito en que se dictó la indicada resolución no se ha pronunciado sentencia, y el

peticionario no tiene el derecho de apelación, ni otro remedio que el de *certiorari*.

Del *return* aparece confirmada la alegación de haberse presentado por el abogado Sr. Font en el caso civil No. 8786, de la corte de distrito de Ponce, Teresa Almodóvar y Cortés, Ex-parte, la moción para el pago de honorarios, así como la oposición del aquí peticionario, y la resolución de la corte en el sentido de conceder seiscientos dólares de honorarios al letrado, y también la apelación interpuesta contra tal resolución por Antonio Correa en 18 de octubre de 1929; y asimismo un mandamiento de embargo para satisfacer los $600 citados, cumplimentado por el márshal, aunque no por la suma total.

No está comprendida una resolución como la de que se trata, entre las apelables de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil.

El problema, reducido a sus términos más sencillos, es éste: ¿Puede un abogado cobrar sus honorarios en un asunto ex-parte en trámite, por medio de una moción en el mismo asunto, o tiene que ejercitar su acción por separado, sometiendo al procedimiento corriente la declaración de su derecho?

La corte de distrito, en este caso, ha tenido en cuenta, para su resolución, los artículos 327 y 339 del Código de Enjuiciamiento Civil, que tratan de la discreción de la corte en la concesión de honorarios, y de la forma en que éstos deben pedirse, y reconoce que el abogado Sr. Font no ha presentado memorándum jurado, sino una moción. Cita luego el artículo 293 del Código Civil, que establece que los gastos de rendición de cuentas de la tutela corren a cargo del menor o incapacitado. Y ordena que el letrado Sr. Font jure su moción y le concede $600 como honorarios.

Del *return* aparece que en pleito civil No. 821, el abogado Sr. Font defendió a la demandada Teresa Almodóvar que era tutora de la incapacitada. La sentencia que en ese caso se

dictó fué contra dicha demandada, sin especial imposición de costas.

No creemos que la reclamación hecha por el abogado Sr. Font se regule por los preceptos de los artículos 327 y 339 del Código de procedimientos. Pero los honorarios que por el Sr. Font se cobran, son uno de tantos cargos o expensas que tiene la tutela de la incapacitada, y caen dentro de lo previsto por el artículo 293 del Código Civil, que lee así:

"Los gastos de la rendición de cuentas correrán a cargo del menor o incapacitado."

Y la corte de distrito tiene sin duda alguna jurisdicción general para entender en esa materia. No hallamos que el hecho de concederse esos honorarios en un expediente que a la tutela se refiere, y en el que han sido oídas las dos partes, sea en violación de regla alguna de procedimiento, o en exceso de jurisdicción.

*Estos razonamientos nos llevan a negar la petición del promovente, y ordenar se anule el auto de* certiorari *dictado.*