DOMINGO FALAGÁN Y LOBATO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 788.—*Sometido:* Noviembre 9, 1929.—*Resuelto:* Enero 17, 1930.

J. *Sabater,* abogado del recurrente; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Aparece de los alegatos, y del documento presentado, que Domingo Falagán y Lobato, por escritura de fecha 1 de Octubre de 1929, vendió a la mercantil Falagán y Co., S. en C., de la que el vendedor era a la sazón socio gestor, dos fincas urbanas. En la escritura compareció Domingo Falagán por sí como vendedor, y en representación de la social compradora.

Presentada la copia del documento al registro de la propiedad de Mayagüez, el registrador no admitió la inscripción, poniendo la siguiente nota denegatoria:

"Denegada la inscripción solicitada de la compraventa que comprende el documento que precede que es la escritura número 179, otorgada en esta ciudad, a 1°. de octubre en curso ante el notario José Sabater y García, con vista de otro documento, y en su lugar tomada la correspondiente anotación preventiva a favor de la mercantil adquirente allí donde se indica al margen de la descripción de cada finca, tomándose dicha anotación por término de 120 días a todos los efectos legales, porque de acuerdo con el derecho civil es inexistente el contrato a que se refiere la citada escritura por faltar el requisito del consentimiento cuya esencia es el concurso de dos voluntades distintas, ya que el otorgante señor Falagán no podía prestárselo, ni legal ni psicológicamente, a sí mismo en su pretendido doble carácter de vendedor por sí y comprador como mandatario de la mercantil adquirente; y además, por la razón de que aun admitiendo la existencia del contrato éste fué otorgado con infracción del artículo 1362 del Código Civil, y es nulo con arreglo al artículo 4°. del mismo, por cuanto dicho señor Falagán no podía comprar con bienes de su mandante de cuya administración estaba encargado los que él le vendía por su propia cuenta."

Contra esa nota recurre Domingo Falagán. En

cuanto al segundo motivo de denegación, la nota es errónea.
El artículo 1362 del Código Civil de Puerto Rico prohibe a
los mandatarios *comprar* los bienes de cuya administración
o enajenación están encargados. Falagán como mandatario
de la social Falagán y Compañía, S. en C., no ha adquirido
por compra bienes algunos de esa social de cuya administra-
ción o enajenación esté encargado. No se encuentra este caso
en la esfera del No. 2, artículo citado.

▇ En cuanto al primer motivo de denegación, la nota
del registrador es correcta. Es cierto que la sociedad Fala-
gán y Co., S. en C., es una personalidad distinta de la de sus
socios. Pero precisamente una de las más notables dife-
rencias entre las personas individuales y las colectivas,
legales, está en *la forma* de consentir. En el individuo su
propia determinación, expresada por él mismo, es la regla
corriente. En las personas jurídicas colectivas, la determi-
nación, y el consentimiento no pueden expresarse más que a
través de uno de los individuos que las componen o rigen.
La abstracción con relación a los individuos no llega al ex-
tremo que supone el apelante.

En este caso, Domingo Falagán hace la oferta, y Domingo
Falagán la acepta. Este sería un caso rarísimo de consen-
timiento. No hay concurso de *voluntades* (así en plural) o
*meeting of minds,* porque no hay aquí más que un solo
cerebro que determine, y que mueva la voluntad. Cualquiera
que sea la fuerza de una creación legal, ella no puede destruir
las leyes de la naturaleza.

En el caso *Eastman et al.* v. *Wright et al.,* 6 Peck (Mass.)
316, 320, dijo la corte:

". . . Pero es principio primordial que no importa las distintas
capacidades en que una persona pueda actuar, nunca puede con-
tratar consigo misma, ni sostener un litigio contra sí misma. En
forma alguna puede una persona obligar y estar obligada al mismo
tiempo al cumplimiento de una prestación."

Esta doctrina legal es esencialmente la misma del caso *Gorham* v. *Mencham*, 22 Atlantic Reporter 572.

No se ve contrato alguno en este caso, por falta del requisito esencial del consentimiento.

El caso *Oxios* v. *Registrador*, 39 D.P.R. 447, es distinto de éste en sus hechos fundamentales.

*Se confirma la nota del Registrador de Mayagüez en su primer motivo, y se revoca en lo demás.*