Micaela del Moral de Domínguez et al., Ex parte. María del Carmen del Moral, tutora de Carmen Nadal, opositora y apelante.

No. 5721.—*Sometido:* Junio 8, 1931. *Resuelto:* Junio 19, 1931.

*Alfredo Arnaldo,* abogado de la apelante; *José Sabater,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En un expediente Ex Parte, No. 14400, de la corte de distrito de Mayagüez, Micaela del Moral de Domínguez, solicitó por moción el abogado Don José Sabater, se fijara la cuantía de sus honorarios por servicios profesionales prestados para la incapacitada Carmen Nadal y Freyre, viuda de del Moral. Esta incapacitada se hallaba bajo tutela de Francisco del Moral, y luego de María del Carmen del Moral. Esta señora hizo oposición a que se pagaran honorarios al abogado, fundándose en que el nombramiento de Francisco del Moral como tutor era nulo, y sus actos y gestiones judiciales improcedentes.

La corte oyó a las partes, y dictó una resolución fijando en cuatro mil dollars los honorarios del abogado Sr. Sabater, y que debía pagarlos la demandada. Contra esa resolución apeló la tutora.

464

Ahora la parte apelada, Sr. Sabater, presenta moción para que desestimemos la apelación.

 El primer fundamento de la moción es que la apelación no fué notificada al fiscal del distrito, que es parte necesaria.

Entendemos que el apelado incurre en error. Según el Código Civil de Puerto Rico, la declaración de incapacidad por locura, sordomudez y demencia, pueden pedirla los parientes del presunto incapaz que tengan derecho a sucederle ab intestato; y en los casos de faltar éstos, o carecer de personalidad, o tratarse de locura furiosa, debe pedirla el fiscal. Pero se advierte en el código que éste es el paso previo a la declaración de incapacidad, y establecida ésta judicialmente, la misión y la intervención del fiscal, lejos de ser corriente y constante, es ocasional y por excepción. Obtenida la declaración, la corte provee el nombramiento del tutor, y éste es quien gestiona supliendo la falta de capacidad del demente, loco o sordomudo. Si el fiscal intervino en estas diligencias, no tenía razón legal alguna que hiciera buena su intervención, que era redundante.

 El segundo motivo que se alega es que la tutora no puede apelar sin la autorización de la corte. Declaramos que de acuerdo con el artículo 282 del Código Civil (212 del Revisado) el tutor no necesita autorización judicial para interponer la apelación, y sí para sostenerla; y en este extremo, la tiene y aparece presentada.

 El tercer fundamento es que la apelación se entabló fuera de término.

La resolución en este caso es de fecha 25 de marzo de 1931, y en la misma fué notificada a las partes. La apelación es de 24 de abril del mismo año. La parte apelada sostiene que, si es apelable la resolución, lo sería bajo el número 3 del artículo 295, Código de Enjuiciamiento Civil, o sea, en un término de diez días. Y nos cita el caso Lucero v. Vilá,

17 D.P.R. 168, en que se dijo que una resolución dictada después de sentencia definitiva, concediendo una pensión como alimentos provisionales, es una providencia especial, y apelable dentro de los diez días.

La parte apelante, contestando en este particular ha mantenido que la resolución de que se trata tiene el carácter de una sentencia, ya que resuelve de una manera final y definitiva; que el procedimiento para el cobro de servicios profesionales está determinado por el artículo 1473 del Código Civil compilado en 1930, y que es el de una acción ordinaria, y la corte en el presente caso no tenía jurisdicción por haberse solicitado el cobro por una moción; que lo que realmente se pidió en la moción fué que se fijara el importe de los honorarios del letrado.

No ha de ser obstáculo grave la decisión del caso *Lucero v. Vilá, supra.* Allí se trató de pensión por alimentos, fijados después de haberse dictado sentencia, y pendiente ésta de una apelación. Tenemos ante nosotros el récord del caso citado, Civil No. 369 de este tribunal; y aparece del mismo, que en un pleito sobre filiación, seguido por los menores Carmen, Lucía, y José Lucero contra los herederos de José Vilá Soler, y más de un año después de haberse dictado sentencia, mientras ésta se hallaba pendiente de apelación, los referidos menores pidieron a la corte de distrito les asignara una suma para alimentos; y la corte, después de tramitar el caso, dictó resolución a favor de los peticionarios, por una suma de treinta dollars mensuales. Aquí era perfectamente claro que se trataba de una providencia especial dictada después de sentencia.

En el presente caso, se nos alega por la apelante que no hay una sentencia definitiva a que referirse. Parece que solamente existen el nombramiento de tutor antes, y el actual a favor de María del Carmen del Moral; y en ese caso puede sostenerse que falta el primer elemento de que hace mérito el número 3 del artículo 295 del Código de En-

juiciamiento Civil, o sea la sentencia después de la que ha recaído la providencia especial de que se apela.

Si examinamos la resolución apelada, en su esencial naturaleza, y en sus consecuencias, no podemos decir que ella sea una providencia, o una orden, especial dictada "después de una sentencia definitiva." Y una sentencia es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento especial, según el artículo 188 del Código de Enjuiciamiento Civil. En el caso *Torres et al.* v. *Mattei, et al.*, 30 D.P.R. 334, se repite la definición que da el citado artículo 188 del Código de Enjuiciamiento Civil, y se copia de 15 Ruling Case Law 569-570, lo que sigue:

" 'Una sentencia,' dice R. C. L., 'es la última palabra de la ley en una controversia judicial.' Puede por tanto definirse como la consideración y determinación final por una corte de jurisdicción competente sobre los asuntos a ella sometidos en una acción o procedimiento. Una definición más precisa es que una sentencia es la conclusión de derecho sobre los asuntos contenidos en los autos, o la aplicación de la ley a las alegaciones y a los hechos, como han sido declarados probados por la corte o admitidos por las partes, o presumidos como existentes por la rebeldía de éstas en el curso de procedimientos judiciales. Debe notarse que es sólo una sentencia la que es pronunciada entre las partes en un pleito sobre los asuntos sometidos a la corte para decisión.' 15 R.C.L., 569–570."

Esta doctrina ha sido constantemente sostenida por este tribunal.

Si la resolución de que se apeló ha resuelto definitivamente en cuanto al derecho del abogado a cobrar de la incapacitada sus honorarios, como así lo entendemos, su carácter es el de una sentencia, y es apelable dentro de los treinta días de su notificación en la forma de ley.

Se nos ha recordado el caso *Correa* v. *Corte de Distrito*, 40 D.P.R. 421, en donde se dijo:

"No está comprendida una resolución como la de que se trata entre las apelables de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil."

Empecemos por reconocer que no somos, ni pretendemos, ser infalibles. Estamos sujetos a error. De que esto es cierto responden tanto el procedimiento en reconsideración, como el carácter de apelables que tienen nuestras resoluciones. A la frase antes transcrita falta una mayor precisión; y el concepto fué erróneo. Pero la decisión del caso no tuvo ese concepto como base y fundamento, ni tuvo que ver con el carácter de apelable de la resolución. La decisión del caso tuvo la siguiente razón:

"No creemos que la reclamación hecha por el abogado Sr. Font se regule por los preceptos de los artículos 327 y 339 del Código de procedimientos. Pero los honorarios que por el Sr. Font se cobran, son uno de tantos cargos o expensas que tiene la tutela de la incapacitada, y caen dentro de lo previsto por el artículo 293 del Código Civil, que lee así:

" 'Los gastos de la rendición de cuentas correrán a cargo del menor o incapacitado.'

"Y la corte de distrito tiene sin duda alguna jurisdicción general para entender en esa materia. No hallamos que el hecho de concederse esos honorarios en un expediente que a la tutela se refiere, y en el que han sido oídas las dos partes, sea en violación de regla alguna de procedimiento, o en exceso de jurisdicción." 40 D.P.R. 424.

En ese caso la parte que presentó la petición de auto de *certiorari* sostuvo hasta el último instante que la resolución que atacaba no era apelable.

Después de esa decisión, y en una petición de auto de *certiorari* presentada a nombre de María del Carmen del Moral v. Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, No. 767 de este tribunal, en el que los hechos alegados son los mismos que en la presente apelación, y la misma resolución, dijimos, al resolver:

"No estando convencido el Tribunal de que la resolución de que se queja la peticionaria no sea apelable, y teniendo dudas de si es jurisdiccional la cuestión envuelta, no ha lugar."

Después de esta resolución, no puede sostenerse que el

párrafo antes citado, de la decisión en el caso *Correa* v. *Corte, supra,* tiene fuerza alguna para este caso.

*Se declara sin lugar la moción de desestimación.*