MICAELA DEL MORAL DE DOMÍNGUEZ, ET ALS., EX PARTE MARÍA DEL CARMEN DEL MORAL, TUTORA DE CARMEN NADAL, opositora y apelante.

No. 5721.—*Sometido:* Diciembre 2, 1931. *Resuelto:* Julio 6, 1932.

*Alfredo Arnaldo & Alfredo Arnaldo, Jr.,* abogados de la apelante; *José Sabater,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez declaró incapacitada a doña María del Carmen Nadal y nombró como tutor suyo a don Francisco del Moral. Como consecuencia de cierta resolución judicial quedó sin efecto el nombramiento de ese

tutor y en su lugar fué nombrada para tal cargo doña María del Carmen del Moral. Después de haber cesado el primer tutor nombrado presentó el abogado don José Sabater en el expediente de incapacidad y nombramiento de tutor de doña María del Carmen Nadal una moción para que la corte le fijase el montante de la cantidad que debe serle pagada por sus servicios como abogado de la incapacitada y del tutor don Francisco del Moral. La corte oyó a las partes acerca de esa moción y después fijó determinada cantidad como honorarios de dicho abogado. Contra esa resolución interpuso la actual tutora el presente recurso de apelación.

■■ El artículo 1473 del Código Civil, edición de 1930, según el cual en cuanto a los servicios profesionales, se estará, para la remuneración de los mismos, a lo convenido entre las partes y que cuando no hubiere convenio y surgieren diferencias, la parte con derecho a la remuneración podrá reclamar y obtener en juicio, ante cualquier corte de jurisdicción competente, el importe razonable de dichos servicios, se refiere a contratos expresos o tácitos entre personas capaces de contratar y no tiene aplicación a casos como el presente en que el abogado ha prestado sus servicios a la incapacitada por indicación de su tutor. En el caso de *Cole* v. *Superior Court,* 83 Cal. 86, se suscitó una cuestión similar a la presente y con un precepto substantivo que decía que el montante y modo de compensación de los abogados se deja al convenio expreso o tácito de las partes, y en el que se alegó que la compensación por los servicios de un abogado a una persona incapacitada y a sus hijos menores de edad debía ser objeto de un pleito ante el jurado y no ser fijada por la corte en el procedimiento en que fueron prestados los servicios, se declaró que el precepto substantivo, similar a nuestro artículo 1473, se refiere a contratos expresos o tácitos entre personas capaces y se aprobó la fijación de honorarios hecha por la corte. En el caso de *Correa* v.

*Corte,* 40 D.P.R. 421, un abogado presentó moción en· un procedimiento de tutela para que la corte fijase sus honorarios por los servicios que había prestado. Hubo oposición a esa petición alegándose que la reclamación debía ser hecha en una acción civil distinta, pero la corte fijó los honorarios y su resolución fué sostenida por este tribunal.

*En vista de lo expuesto procede desestimar la apelación por frívola, como solicita el apelado.*