GUDNARA CABRERA, en su carácter de madre con patria potestad sobre el menor JOSÉ FERNANDO PÉREZ CABRERA, peticionario, *v.* A. R. BARCELÓ, JUEZ DE LA CORTE DE DISTRITO DE GUAYAMA, demandado.

Núm. 1546.—*Sometido:* Diciembre 10, 1943. *Resuelto:* Febrero 14, 1944.

*Víctor M. Marchán,* abogado de la peticionaria; *C. Domínguez Rubio, pro se,* como abogado a quien se le concedieron los honorarios en el caso.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Expedimos el auto de *certiorari* solicitado en este caso con el fin de resolver si la corte inferior actuó sin jurisdicción al fijar, dentro de un procedimiento de administración judicial, el montante de los honorarios de un abogado que ha estado representando a unos herederos en dicho procedimiento. Los hechos son los siguientes:

En la Corte de Distrito de Guayama se inició en el año 1932 la administración judicial de los bienes dejados por José Pérez Llera a su fallecimiento. Se nombró administrador judicial al Sr. Genaro Cautiño Insúa quien en todo momento ha estado representado por el letrado Tomás Bernardini de la Huerta. Pocos días después de promovida la referida administración compareció en dicho expediente la Sra. Isabel Llera Vda. de Rucabado, madre de José Pérez Llera, representada por el Lic. C. Domínguez Rubio, y solicitó término para deliberar, que le fué concedido, y luego aceptó la herencia a beneficio de inventario. Continuó ella interviniendo en todos los trámites de la administración judicial hasta su fallecimiento en el año 1934, cuando fué sustituída por su sucesión compuesta de sus hijos Isabel y Fernando Pérez Llera y Carmen Luisa Rucabado Llera, quienes también fueron representados por el letrado C. Domínguez Rubio, hasta el 14 de julio de 1942 en que falleció uno de los herederos de doña Isabel, Fernando Pérez Llera, y desde dicha fecha el abogado Domínguez Rubio sólo asumió la representación de uno de los hijos de Fernando Pérez Llera, además de la de los otros herederos de doña Isabel. Los demás herederos de Fernando Pérez Llera están representados por el Lic. Víctor M. Marchán.

Los autos de esta larga y aun sin terminar administración judicial constan de doce legajos. Aun cuando ya se ha relevado al administrador de toda responsabilidad sobre su fianza al aprobarse su cuenta final en 13 de diciembre de 1940, la

corte inferior ordenó que, mientras se procedía por el contador partidor (nombrado en el año 1937 a virtud de nuestra decisión en *Cautiño, ex parte, Sucn. Llera, etc., opositores,* 51 D.P.R. 475) a la partición y división de los bienes de la herencia y a la adjudicación de los mismos entre los herederos, ''el Administrador Judicial continuará en la posesión de los bienes, a menos que otra cosa se disponga por el tribunal a solicitud de parte interesada''.

El examen minucioso que hemos hecho de los autos de este caso demuestra que desde que se decretó la administración judicial en el año 1932 hasta el presente, el Lic. C. Domínguez Rubio ha intervenido activamente en todos los incidentes promovidos por los numerosos herederos, representados por distintos abogados, así como en aquellos promovidos por él, en representación de la Sra. Isabel Llera Vda. de Rucabado (heredera en una mitad de los bienes pues los demás herederos son hijos naturales), y luego representando a su sucesión. Puede afirmarse que no se ha limitado a actuar como abogado de dichos herederos, sino que en muchas ocasiones ha sido él quien ha representado y defendido los derechos que correspondían defender al propio abogado del administrador. Un ejemplo de esto lo fué el incidente sobre nombramiento de Contador Partidor que hubo de ser apelado a esta corte y al cual hizo tenaz y persistente oposición—injustificada según resolvió esta corte—el Administrador, y en el éxito del cual tomó parte principalísima el Lic. Domínguez Rubio. Sus actuaciones han sido siempre en beneficio de la administración y de su pronta terminación. Hay que admitir que a pesar de esto la administración continúa, aun cuando se haya cancelado la fianza al administrador.

La cuestión envuelta en este recurso surgió a virtud de una moción del Lic. Domínguez Rubio solicitando que la corte inferior fijara en $2,000 como valor razonable de su labor profesional prestada a doña Isabel Llera Vda. de Rucabado y a don Fernando Pérez Llera, a ser pagada por el caudal

de este último y de lo que le corresponda a sus herederos, en la herencia de su señora madre, y que se ordenara, no que se le pagaran por el administrador judicial dichos honorarios, sino al contador partidor, "para que, al determinar los haberes del citado Fernando Pérez Llera en la partición, se sirva incluir a dicho abogado como acreedor de dicho partícipe y asegurarle bienes para cobrar tal cantidad."

Esta moción fué notificada tanto al abogado de los herederos de Fernando Pérez Llera, Lic. Víctor Marchán, como a las demás partes interesadas y ninguno de ellos hizo oposición alguna a lo solicitado. Señalada para vista dicha moción para el día 26 de marzo de 1943, la corte la suspendió por no haber sido notificados todos los abogados y la señaló de nuevo para el 2 de abril en la cual fecha se celebró la audiencia con la sola comparecencia del Lic. Domínguez Rubio. El 30 de julio de 1943 la corte dictó una orden aprobando la minuta de honorarios del Lic. Domínguez Rubio. El 13 de agosto el Lic. Víctor Marchán radicó una moción, sin jurar, solicitando se dejara sin efecto la orden de la corte, en la cual admitió que no había hecho oposición a la moción del Lic. Domínguez Rubio ni comparecido a la audiencia celebrada, alegando para ello que había actuado "guardando la deferencia que le merece el compañero Domínguez Rubio optó por dejar a discreción" de la corte "sin objeción formal por escrito . . . la fijación del importe de los honorarios." El Lic. Domínguez Rubio se opuso a esta moción y celebrada una vista la corte inferior dictó una resolución declarándola sin lugar, por entender que si la moción se consideraba como una solicitando la reconsideración de la orden se radicó después de haber expirado los cinco días que provee el artículo 292 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 67 de mayo 8 de 1937 (Leyes de 1936-37, pág. 199), y si se consideraba como una dirigida a la discreción de la corte bajo los términos del artículo 140 de dicho Código, no existía error excusable que lo justificara.

Para revisar esta resolución fué que se solicitó el auto de certiorari, alegándose que la corte inferior había incurrido en errores de procedimiento al resolver la moción del recurrente.

Como dijimos al comienzo de esta opinión, expedimos el auto solicitado no por los alegados errores de procedimiento, los cuales consideramos no han sido cometidos, sino para determinar si la corte inferior actuó sin jurisdicción.

Como hemos dicho, la orden de la corte no está dirigida al Administrador Judicial para que pague con cargo a los fondos de la herencia los honorarios del abogado de uno de los herederos sino que está dirigida al Contador Partidor para que, con cargo a la participación de uno de los herederos a quien representó el Lic. Domínguez Rubio, se separen bienes suficientes para garantizar el pago de dicho acreedor.

Cae por lo tanto el caso bajo el artículo 1036 del Código Civil (Ed. 1930) que dispone que "Los acreedores de uno o más de los coherederos podrán intervenir a su costa en la partición para evitar que ésta se haga en fraude o perjuicio de sus derechos."

Comentando el artículo 1083 del Código Civil de España, que es idéntico al 1036 del nuestro, dice Manresa lo siguiente:

"Entre los acreedores la ley no establece excepción alguna siendo indiferente que su crédito se halle o no vencido, esté o no debidamente asegurado, y sea puro o condicional. Como el objeto es tratar de prevenir o evitar los perjuicios que pueden ocasionarse al acreedor por la partición, no importa que el crédito se halle afecto al cumplimiento de determinada condición. . . .

"Poco importa, por lo demás, que el derecho del acreedor, arranque de una época anterior a la muerte del causante o del período de indivisión.

"\*      \*      \*      \*      \*      \*      \*

". . . ¿Quién puede dudar del interés de los acreedores para intervenir en la partición y hacer que se cumplan los preceptos legales? Es cierto que la partición puede ser impugnada siempre por los acreedores si se hace en fraude de sus derechos, o si les resulta perjuicio por actos de carácter gratuito realizados por el deudor; pero,

aparte de que no siempre bastará el perjuicio por ser discutible la naturaleza gratuita del acto, la ley trata de evitar la perturbación que originaría la impugnación y rescisión intentada por los acreedores, facultando a éstos para intervenir en la partición. El art. 1083 contiene, por tanto, un medio preventivo concedido a cuanto tiene interés en el resultado de la partición, para evitar después innecesarias perturbaciones o medios represivos.'' 7 Manresa Comentarios al Código Civil Español (5a Ed.) 859, 60, 61.

La partición en el caso de autos está en trámites de realizarse como un incidente dentro de la administración judicial. No se trata de un acreedor del causante, reconocido como tal, que se esté oponiendo a que se lleve a efecto la partición de la herencia hasta que se le pague o afiance el importe de su crédito de acuerdo con el artículo 1035 del Código Civil, sino de un acreedor de uno de los herederos a quien el artículo 1036, supra, autoriza a intervenir en la partición para evitar que ésta se haga en fraude o perjuicio de sus derechos.

Nada encontramos en la Ley de Procedimientos Legales Especiales que impida que un abogado que ha representado a unos herederos durante una administración judicial solicite que la corte, con audiencia de dichos herederos, le fije el importe de sus honorarios para ser pagados, no con cargo a los fondos generales de la administración, sino cuando se realice la partición por el contador partidor con cargo al haber de dichos herederos.

Es cierto que el artículo 1473 del Código Civil, en lo pertinente, dispone que '' . . . En cuanto a los servicios profesionales, se estará, para la remuneración de los mismos, a lo convenido entre las partes; cuando no hubiere convenio y surgieren diferencias, la parte con derecho a la remuneración *podrá* reclamar y obtener en juicio de la otra parte, ante cualquier corte de jurisdicción competente, el importe razoble de dichos servicios.'' (Bastardillas nuestras). Empero, no es mandatorio que la parte con derecho a la remuneración, en ausencia de un contrato, tenga que iniciar un pleito

para obtener el importe de sus servicios. El precepto sólo dice que "podrá" hacerlo. No vemos impedimento a que también pueda reclamarlos, en un caso como el de autos, como un incidente dentro del procedimiento de administración judicial cuando se cumple con todas las garantías de un debido procedimiento de ley. *Cf. Correa v. Corte,* 40 D.P.R. 421, y *Del Moral, ex parte,* 43 D.P.R. 725.

En el presente caso se le dió a los herederos la oportunidad de oponerse a la petición del Lic. Domínguez Rubio y nada alegaron; se les notificó la fecha en que se celebraría la audiencia y no comparecieron. Fué con posterioridad al vencimiento del término legal para solicitar la reconsideración que por primera vez acudieron a la corte. Y aun cuando su moción se considere como una dirigida a la discreción de la corte al amparo del artículo 140 del Código de Enjuiciamiento Civil, consideramos que la corte no abusó de su discreción al desestimar la moción de acuerdo con las alegaciones en ella contenidas y las actuaciones obrantes en autos, una de las cuales demuestra que el propio abogado de la peticionaria, Lic. Marchán, obtuvo, previa audiencia, una orden de la corte inferior, de 3 de febrero de 1943, autorizando al Administrador Judicial a pagar a la peticionaria $250 y luego $50 mensuales para su hijo menor de edad, y además $50 al Lic. Marchán "por concepto de honorarios de abogado en relación con sus gestiones a beneficio del menor José Fernando Pérez Cabrera."

*Debe anularse el auto expedido.*